Cite as: 601 U. S. \_\_\_\_ (2023)　　　　1

# SUPREME COURT OF THE UNITED STATES

———————

No. 23A315

———————

## WEST FLAGLER ASSOCIATES, LTD., ET AL. *v.* DEBRA HAALAND, SECRETARY OF THE INTERIOR, ET AL.

ON APPLICATION FOR STAY

[October 25, 2023]

The application for stay presented to THE CHIEF JUSTICE and by him referred to the Court is denied. The order heretofore entered by THE CHIEF JUSTICE is vacated.

Statement of JUSTICE KAVANAUGH respecting the denial of the application for stay.

I agree that the stay application should be denied in light of the D. C. Circuit's pronouncement that the compact between Florida and the Seminole Tribe authorizes the Tribe to conduct only on-reservation gaming operations, and not off-reservation gaming operations. 71 F. 4th 1059, 1062, 1065–1068 (2023); Response in Opposition to Application for Stay 7–10, 13–14. If the compact authorized the Tribe to conduct off-reservation gaming operations, either directly or by deeming off-reservation gaming operations to somehow be on-reservation, then the compact would likely violate the Indian Gaming Regulatory Act, as the District Court explained. 573 F. Supp. 3d 260, 272–274 (DC 2021); see 25 U. S. C. §§2710(d)(1), (d)(8)(A).

To the extent that a separate Florida statute (as distinct from the compact) authorizes the Seminole Tribe—and only the Seminole Tribe—to conduct certain off-reservation gaming operations in Florida, the state law raises serious equal protection issues. See *Students for Fair Admissions, Inc.* v. *President and Fellows of Harvard College*, 600 U. S. 181, 206 (2023); *Adarand Constructors, Inc.* v. *Peña*, 515

U. S. 200, 221–222 (1995).  But the state law's constitutionality is not squarely presented in this application, and the Florida Supreme Court is in any event currently considering state-law issues related to the Tribe's potential off-reservation gaming operations.